IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WHITNEY, | ) |
| Petitioner, | ) No. C 05-3056 CRB (PR) |
| vs. | ) ORDER OF DISMISSAL |
| BILL LOCKYER, et al., | ) |
| Respondent(s). | ) |

    Petitioner, a state prisoner currently on parole, has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the execution of his sentence following conviction for assault in the Superior Court of the State of California in and for the County of Monterey.

    On February 4, 1998, petitioner was sentenced to eight years and four months in state prison, followed by a three-year parole period upon his release from prison. He was released on parole 467 days before the expiration of his eight-year, four-month prison term ("3,040-day prison term"), but then suffered three parole violations (for 90, 180 and 365 days, or 635 days total).

    Petitioner contends that he is being kept unlawfully in custody (which includes parole) because he has completed his 3,040-day prison-term and available parole violation terms. The state courts rejected his claim on collateral review and the instant federal petition followed.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

A person has a fundamental right not to be subjected to a sentence that exceeds that allowed by state law. See Gardner v. Florida, 430 U.S. 349, 358 (1977). A state sentence violates due process if it is in excess of that allowed by state law. See Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987); see also Marzano v. Kincheloe, 915 F.2d 549, 552 (9th Cir. 1990) (plea of guilty does not permit state to impose sentence in excess of state law despite agreement of defendant to sentence). However, state sentencing courts must be accorded wide latitude in their decisions as to punishment and a federal court generally will not review a state sentence within statutory limits. See Walker, 850 F.2d at 476.

Petitioner's claim is without merit because he is not being kept in custody beyond the sentence allowed under state law. In California, a mandatory parole term follows most prison terms. For persons such as petitioner, the mandatory parole term is three years. Cal. Penal Code § 3000(b)(1). The parole term is extended for time a parolee spends in prison on parole violations: "Time during which parole is suspended because the prisoner has absconded or has been returned

1
2
3
4
5
6
7
8
9
10
11
12
13

to custody as a parole violator shall not be credited toward any period of parole unless the prisoner is found not guilty of the parole violation. However, in no case, except as provided in Section 3064 [regarding escapees], may a prisoner subject to three years on parole be retained under parole supervision or in custody for a period longer than four years from the date of his or her initial parole." Cal. Penal Code § 3000(b)(5). The maximum time in prison for a parole revocation term is generally one year. Cal. Penal Code § 3057(a). In sum, when petitioner left prison after serving most of his 3,040-day prison term, he faced this parole scheme: his parole term would start upon his release from prison, would be suspended during any time he was back in prison on a parole violation, each parole violation could lead to a prison term of up to a year, and the parole term that presumptively would end in three years could last up to four years if suspended due to his re-incarceration for parole violations.

14
15
16
17
18
19
20

Petitioner served 2,573 days of his 3,040-day prison term. He also spent an additional 467 days in prison due to parole violations. His three-year parole term started upon his initial release from prison and could have ended three years later. However, because petitioner violated parole and received parole violation terms totaling 635 months, his parole could be extended up to an additional year. Petitioner is not being kept in custody (which, again, includes parole) beyond the time allowed by state law.

21
22
23
24
25
26

Petitioner's contention that he cannot lawfully be retained in custody on parole after serving the total length of his 3,040-day prison term is without merit. The law does not support petitioner's position that a parolee can violate parole repeatedly after he has been in prison for the maximum length of the initial prison term imposed. His reliance on Morrissey v. Brewer, 408 U.S. 471 (1972), to argue that the "balance of the sentence" that a parole violator may be required to

27
28

3

|   |   |
|---|---|
| 1 | serve refers to the balance of the original prison term takes the phrase out of |
| 2 | context and misreads Morrissey in an unpersuasive way.  Morrissey was concerned |
| 3 | with the procedural protections required when parole was revoked and did not |
| 4 | purport to put constitutional limitations on the length of parole or the |
| 5 | consequences of a parole violation or the appropriate length of a parole revocation |
| 6 | prison term.  California's parole system – with its fixed three-year paroles for a |
| 7 | large class of convicts, its allowance of multiple parole revocations, and its |
| 8 | allowance of different parole revocation terms so that more serious violations |
| 9 | receive more serious parole revocation terms -- is not barred by Morrissey. |
| 10 | Petitioner's contention also lacks common sense, because it would make most |
| 11 | California inmates' mandatory three-year parole terms largely useless by depriving |
| 12 | parole authorities of a significant enforcement mechanism.  Compelling parolees |
| 13 | to comply with parole restrictions would be difficult if they could not be |
| 14 | imprisoned once they had served the maximum length of the original prison term. |
| 15 | Petitioner identifies no authority for his unusual view of parole. |
| 16 |      Petitioner has not shown that he is being required to serve a sentence |
| 17 | beyond that to which he was lawfully sentenced under state law.  He has not shown |
| 18 | a due process violation and is not entitled to federal habeas relief.  The state |
| 19 | courts' rejection of petitioner's claim was neither contrary to, or an unreasonable |
| 20 | application of, clearly established Supreme Court precedent.  See 28 U.S.C. § |
| 21 | 2254(d). |
| 22 | / |
| 23 | / |
| 24 | / |
| 25 | / |
| 26 |   |
| 27 |   |
| 28 | 4 |

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED.

The clerk shall terminate all pending motions as moot, enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED:   Jan. 3, 2006

CHARLES R. BREYER
United States District Judge